IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEVIN LASHUN JONES

VERSUS                                              CIVIL ACTION NO. 1:03cr114WJG-JMR

UNITED STATES OF AMERICA

O R D E R

This cause comes before the Court on motion [31-1] of the Defendant, Kevin Lashun Jones, to reconsider the sentence imposed in this case and a related motion for hearing [36-1] on the motion to reconsider.  Jones contends that the Court incorrectly assessed him with a quantity of drugs attributable to others, with a leadership role and with possession of a firearm in connection with a drug transaction none of which were found by a jury or admitted to by Jones. (Ct. R., Doc. 31, p. 1.)  Jones was sentenced on December 6, 2004, to a term of 108 months imprisonment followed by 4 years of supervised release and a mandatory $100 assessment.  (Ct. R., Doc. 37.)  The other six counts of the indictment were dismissed at sentencing.  (*Id*.)  Jones contends that he was improperly sentenced under *Blakely*.  (Ct. R., Doc. 31, p. 1.)

On or about June 14, 2004, Jones pleaded guilty to one count of possession with intent to distribute at least 5 grams but less than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Ct. R., Doc. 17.)  As part of his negotiated plea agreement, Jones waived the right to appeal the conviction/sentence or the manner in which it was imposed.  (Ct. R., Doc. 16, p. 5.) He also waived his right to contest the conviction/sentence in a post conviction proceeding or by section 2255 motion.  (*Id*.)  Jones was scheduled for sentencing on October 20, 2004.  (Ct. R.,

Doc. 24.) Jones failed to appear as scheduled for his sentencing hearing, although he informed his probation officer he was aware of the sentencing date, and after the Court directed his attorney to contact him, claimed he was on his way to the sentencing, but failed to appear. (Ct. R., Doc. 25.) The Court directed the United States Marshals Service to immediately arrest Jones should he appear. (*Id*.) After Jones was placed in custody following the bench warrant, he was scheduled for a bond revocation hearing and his sentencing on December 6, 2004. (Ct. R., Doc. 26.)

On December 6, 2004, the Court entered its Judgment of conviction. (Ct. R., Doc. 37.) Jones did not file an appeal, but filed the instant motion on December 9, 2004, for resentencing based on *Blakely v. Washington,* 542 U.S. 296 (2004). The *Blakely* decision was issued on June 24, 2004. *Blakely*, 542 U.S. at 296.

A district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b). Section 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within seven days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(b). Only Rule 35(c) might apply in

this case, which limits the Court's authority to modify a previously imposed sentence to corrections of "arithmetical, technical or other clear error." The Court, therefore, concludes that Rule 35 does not confer authority upon the Court to reconsider Williams' sentence under the existing circumstances. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). The Court concludes that the motion to reconsider Jones' sentence and its accompanying motion for hearing should be denied. It is therefore,

ORDERED AND ADJUDGED that the Defendant's motion to reconsider his sentence imposed in this case [31-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Defendant's motion for hearing [36-1] on the motion for reconsideration be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 1st day of May, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE