IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 1:03cr114WJG-JMR
                                                CIVIL ACTION NO. 1:07cv386WJG-JMR

KEVIN LASHUN JONES

O R D E R

THIS CAUSE comes before the Court on Defendant Kevin Lashun Jones' motion [39] to vacate and set aside or correct his previously imposed sentence pursuant to 28 U.S.C. § 2255. The petition, filed March 5, 2007, contends that his counsel was ineffective because a notice of appeal was not filed in a timely manner. (*Id*., p. 4.)

Defendant pleaded guilty on June 28, 2004, and was sentenced on December 6, 2004. (Ct. R., Docs. 17, 35.) Defendant claims that his trial counsel, George Shaddock, was ineffective because he failed to file a timely notice of appeal. (Ct. R., Doc. 39, p. 4.) Defendant further asserts that he could not raise this issue prior to the March 5, 2007, date of his Section 2255 petition because he was waiting on a ruling on his motion under Federal Rule of Criminal Procedure 35(c). (*Id*., p. 11.) He asserts that he wrote Shaddock on December 8, 2004, seeking an appeal in his case, (*id*., p. 13), and claims he told Shaddock that if the motion filed under Rule 35(c) did not work out to his advantage, Shaddock should file an appeal in his case. (*Id*.) Defendant contends he should be allowed to appeal because Shaddock did not file the requested appeal. (*Id*.)

Defendant includes a copy of a letter dated December 8, 2004, which he alleges was mailed to Shaddock and which explains that he was not happy with the outcome of his sentencing. (Ct. R., Doc. 39, p. 18.) Defendant, responding to the Court's order requiring him to supplement the record with a certified copy of the prison log indicating the date the December 8th letter was mailed to Shaddock, states that the letter was mailed through regular United States mail while he was incarcerated in the Harrison County Jail and was not placed in prison mail system. (Ct. R., Docs. 55, 56.) Defendant, therefore, could not produce the requested certification.

The United States contends Defendant expressly waived his right to appeal and to bring any post-conviction proceeding under the plea agreement. (Ct. R., Doc. 42, p. 2.) The United States further contends that Defendant's *habeas* petition lacks merit, because of the previously mentioned waiver. (*Id*., p. 6.) In a letter dated October 15, 2007, written by Shaddock to Defendant, Shaddock notified Defendant that he was in the process of responding to Defendant's claim of ineffective assistance of counsel. (Ct. R., Doc. 52, p. 4.) In the letter, Shaddock explains that he lost his office and all files in Hurricane Katrina, including that of Defendant. (*Id*.) On February 21, 2008, Shaddock sent a letter to Defendant referencing an affidavit filed by Shaddock in this case. (Ct. R., Doc. 52, p. 5.) In Shaddock's affidavit, he indicates that he has no memory of receiving a letter in December 2004 from Defendant. (Ct. R., Doc. 46, p. 2.) He further avers that he has no files related to this, or any other case, because of the loss of his office in Katrina. (*Id*.)

Failure to file a requested notice of appeal constitutes ineffective assistance of counsel even without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470,

477 (2000). Further, "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

Defendant cannot substantiate this event because he cannot provide evidence that the letter requesting his counsel to appeal was mailed. Though Shaddock has no recollection of receiving the letter requesting appeal from Shaddock, he cannot to a certainty state that the letter was not received as his file for this Defendant is no longer in existence due to the loss of his office. Under these circumstances, and out of an abundance of caution, the Court concludes that Defendant is entitled to an out-of-time appeal pursuant to *Tapp*. It is, therefore,

ORDERED AND ADJUDGED that Defendant Kevin Lashun Jones be allowed to file an out-of-time notice of appeal, within ten days from the date of entry date of this order, or by no later than January 30, 2009. It is further,

ORDERED AND ADJUDGED that Defendant's motion [39] filed pursuant to Section 2255 be, and is hereby, denied as moot.

SO ORDERED AND ADJUDGED this the 14th day of January, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE